EVARISTA VIERA, ETC., Plaintiff and Appellant, *v.* HEIRS OF PEDRO GOITÍA MARTÍNEZ, Defendants and Appellees.

No. 8469. Argued June 3, 1942.—Decided July 7, 1942.

*Hipólito Marcano* and *Francisco L. San Miguel* for appellant. *F. González Fagundo* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the court.

In a previous appeal in this case we held that the appellant had sufficiently alleged three causes of action. 55 P.R.R. 291. After remand, the case was tried in the district court,

but the trial judge left office without deciding the case. The parties by stipulation submitted the transcript of testimony to his successor for decision by him.

The appellant is the illegitimate child of Pedro Goitía Martínez. This suit was brought on her behalf as a minor by her mother with *patria potestas* against the Estate of Goitía after the latter's death. The first cause of action is for the collection of $4,200.00. The claim is that Goitía had failed to comply with an alleged contract to provide for support of appellant at the rate of $25.00 per month.

Appellant's mother testified that after appellant was born in 1921, Goitía made an oral contract as above described with her for the benefit of their child; that pursuant to this agreement, he made such monthly payments until 1923; that from 1923 to 1936, when Goitía died, he failed to make these payments.

The trial judge admitted the testimony of the appellant's mother that Goitía had made such an oral contract with her for the benefit of their child, over the objection of the appellees that such testimony was inadmissible by virtue of §3 of the Act of March 10, 1904 (Laws of Puerto Rico, 1904, p. 130), reading as follows:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this section shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

However, the district judge to whom the transcript of testimony was submitted wrote an opinion in which he stated that such testimony was inadmissible under the said statute. He therefore refused to take it into consideration. As this was the only evidence offered to prove the contract, the lower court dismissed the first cause of action.

■■ The district judge erred in two respects. In the first place, he was not warranted in reaching back into the trial and making a retroactive ruling on a question of evidence. Even the judge who presided at the trial could not have taken such action. Once the evidence was admitted, the appellant was entitled to assume that it would be taken into consideration in determining if the alleged contract existed. While the trial was in progress, the district judge was at liberty to reconsider his ruling. Similarly, the parties would be on notice of a possible subsequent adverse ruling if the court had reserved its decision on this question of evidence. But after the evidence was definitely admitted and the trial had closed, neither the presiding judge nor his successor could strike it from the record or refuse to consider it, at least without reopening the case and giving the affected party an opportunity to supply the resulting deficiency in her proof.

■ In addition, we cannot agree that the testimony in question was inadmissible. The exclusionary rule of evidence involved here is the vestige of the long since abolished rule of disqualification of parties as witnesses. It has been as severely criticized as the original disqualification of parties as witnesses. Wigmore on Evidence, Vol. II, Third Edition, §578 and §488 at page 571. We have taken cognizance of this criticism (*Colón* v. *Succession of Tristani,* 45 P.R.R. 219) and have refused to extend the rule by judicial construction or to exclude testimony which is not clearly within the terms of the statute. *Saunnión* v. *Díaz,* 29 P.R.R. 572.

In its opinion the district court made a careful analysis of our decisions on this subject. (*Wilcox* v. *Axtmayer et al.,* 23 P.R.R. 319; *De la Rosa* v. *Quevedo,* 47 P.R.R. 165; *Falero et al.* v. *Falero,* 15 P.R.R. 111; *Morales* v. *Ceide,* 51 P.R.R. 25; *Cestero* v. *Heirs of Eduardo Cestero,* 35 P.R.R. 908; *Lezcano* v. *Heirs of Sifonte,* 42 P.R.R. 387; *Aldea* v. *Tomás,* 51 P.R.R. 740; *García* v. *Santos,* 29 P.R.R. 820;

*Saunnión* v. *Díaz,* 29 P.R.R. 572; *Góñez* v. *Palmieri,* 50 P. R.R. 439; and *Colón* v. *Succession of Tristani,* 45 P.R.R. 219). But there is nothing in the holding or language of these cases to warrant the conclusion of the district court that a mother with *patria potestas* is prohibited from testifying as to transactions or statements with the decedent in a suit brought by the mother in such representative capacity against the heirs of the decedent. On the contrary, we have permitted a mother who brought an action of filiation on behalf of her minor child against the heirs of the deceased putative father to testify as to transactions and statements of the latter. *Colón* v. *Succession of Tristani,* 45 P.R.R. 219; *Góñez* v. *Palmieri,* 50 P.R.R. 439. The district judge distinguishes these cases on the ground that they do not involve ''an action for the collection of money brought to enforce payment of an alleged obligation of the decedent.'' But for the purposes of the matter now before us, we see no practical or legal difference between those cases and the instant case. The suits for filiation were properly brought against the Estate of the decedent (*Méndez* v. *Martínez,* 21 P.R.R. 238; *Puente et al.* v. *Puente et al.,* 16 P.R.R. 556) and foreshadowed an inheritance claim against the estate. Section 127, Civil Code, 1930 ed. The *ratio decidendi* of the filiation cases was that this restrictive rule would not be extended by judicial construction to exclude the testimony of a mother who was a *pro forma* party in a representative capacity on behalf of her child. The same reasoning operates to permit the testimony of the mother in this case. As in those cases, the mother appeared here solely in a representative capacity (§153, Civil Code, 1930 ed.). She made no claim for herself. The real party in interest is her child. *Acha* v. *Nevares,* 59 P.R.R. 235. It is true that this suit involves the property of the Estate as such, while the filiation suit was preliminary to such a claim. However, it is obvious that the practical result is the same. In any event, even assuming we are now

required to go a step further in sustaining the admissibility of the testimony under consideration here, we are prepared to take that further step.

What we have said relates solely, of course, to the admissibility of such testimony. Its credibility and weight are still matters to be determined by the district court.

The district court found no substantial proof of simulated transfers of realty by Goitía and his wife, as alleged in the second and third causes of action. As the appellant assigns no error on this question, there is no occasion to examine the action of the district court in this respect.

The dismissal of the second and third causes of action will be affirmed. The dismissal of the first cause of action will be reversed and the case remanded for further proceedings as to the first cause of action not inconsistent with this opinion.

Mr. Justice De Jesús did not participate herein.